**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VLADIMIR JEANTY,

                                Petitioner,                      6:20-cv-00221 (BKS/TWD)

v.

UTICA POLICE DEPARTMENT, et al.,

                                Respondents.

---

VLADIMIR JEANTY,

                                Petitioner,                      6:20-cv-00756 (BKS/TWD)

v.

UTICA POLICE DEPARTMENT, et al.,

                                Respondents.

---

**Appearances:**

*Petitioner pro se:*
Vladimir Jeanty
Uniondale, NY 11553

*For Respondents*:
Joseph V. McBride
Assistant Corporation Counsel
City of Utica – Corporation Counsel
1 Kennedy Plaza, 2nd Floor
Utica, NY 13502

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

These actions arise out of notices of removal filed by Respondents to remove proceedings brought by Petitioner Vladimir Jeanty under N.Y.C.P.L.R. Article 78 in New York State Supreme Court, County of Oneida.[1] Jeanty brought both Article 78 proceedings seeking to compel Respondents to provide records under New York's Freedom of Information Law ("FOIL"). Respondents removed the Article 78 proceedings asserting that this Court has supplemental jurisdiction over the FOIL litigation pursuant to 28 U.S.C. § 1367 since it, in effect seeks discovery denied Jeanty in, and is therefore part of the same controversy as, Jeanty's 42 U.S.C. § 1983 action, *Jeanty v. City of Utica*, Case No. 16-cv-966 (*Jeanty*), which is presently pending before this Court.  Jeanty moves to remand in both cases under 28 U.S.C. § 1447, arguing that Respondents have failed to demonstrate a jurisdictional basis for removal. (Case No. 20-221, Dkt. No. 14; Case No. 20-756, Dkt. No. 6). For the following reasons, Jeanty's motions to remand are granted.

**II.     PROCEDURAL HISTORY**

The *Jeanty* case, upon which the Respondents base their supplemental jurisdiction claim, was filed by Vladimir Jeanty on August 3, 2016. (*Jeanty*, Dkt. No. 1). Jeanty brought claims against, inter alia, the Utica Police Department and several of its officers under 42 U.S.C. § 1983 and New York law for alleged constitutional and tort injuries resulting from his arrest on October 15, 2009 and subsequent prosecution. *See Jeanty v. City of Utica*, No. 16-cv-966, 2021 WL

---

[1] In Case No. 20-221, Respondents filed a notice of removal of the proceeding in Oneida County Index No. CA2020-000174; in Case No. 20-756, Respondents filed a notice of removal of the proceeding in Oneida County Index No. EFCA2020-000988. The Utica Police Department and Melissa Sciortino are named as respondents in both proceedings. Although the remaining respondents in the two petitions differ, all of the respondents are represented by the same counsel, and for ease of reference, the Court's references to "the Respondents" includes the respondents named in the applicable actions.

149051, 2021 U.S. Dist. LEXIS 7737 (N.D.N.Y. Jan 14, 2021). The parties in *Jeanty* have engaged in extensive discovery and extensive motion litigation. United States Magistrate Judge Thérèse Wiley Dancks handled the discovery proceedings and, during the course of those proceedings, issued rulings denying some of Jeanty's discovery requests. As set forth below, Jeanty subsequently proceeded to seek records that were the subject of the denied discovery requests from the City of Utica under FOIL and, when that was unsuccessful, filed the Article 78 proceedings at issue here, seeking to compel responses to his FOIL requests.

      **A.**      **First Petition (Oneida County Index No. CA2020-000174 and District Court Case No. 20-221)**

On January 21, 2020, Jeanty filed a verified petition in New York State Supreme Court, Oneida County, under Article 78 seeking to compel the City of Utica "Records Access Officer/[Utica Police Department] to comply with its statutory mandate under FOIL." (Dkt. No. 1-10, ¶ 2). Jeanty named as respondents the Utica Police Department ("UPD"); the City Clerk, Records Access Officer, Melissa Sciortino; Bianca Morales; Records Access Appeals Officer John/Jane Doe; and City of Utica Assistant Corporation Counsel, Zachary C. Oren.

Jeanty asserted that on October 28, 2019, he filed a FOIL request "with the City of Utica Clerks Office (Records Access Officer)" requesting public records relating to UPD arrests, and that "the Records Access Officer did not provide a single document in response" to his request. (*Id.* ¶¶ 4-5, 12). Jeanty asserted that he filed an amended FOIL request on October 30, 2019. (*Id.* ¶¶ 6, 17). On October 30, 2019, Assistant Corporation Counsel Zachary Oren, filed a letter motion with this Court in the *Jeanty* case, seeking a protective order under Fed. R. Civ. P. 26(c) "relieving them and all City of Utica Officials of their duties to respond to [Jeanty's] FOIL request, and enjoining [Jeanty] from making any such future requests." (*Jeanty*, Dkt. No. 253).

3

On November 22, 2019, Oren sent a letter to Jeanty stating that "it is the City of Utica's position that the District Court does has [sic] supplemental jurisdiction over the FOIL matter. If the District Court decides not to exercise supplemental jurisdiction the City will respond to your amended FOIL request in due course." (Dkt. No. 1-10, ¶ 21).

On January 24, 2020, Oren filed a letter with this Court in *Jeanty*, asserting that "the City Defendants' position is this Court can exercise supplemental jurisdiction over the Article 78 proceeding pursuant to 28 U.S.C.A. § 1367" because the Article 78 proceeding "arises out of the same controversy." (*Jeanty*, Dkt. No. 278). On January 31, 2020, Magistrate Judge Dancks issued an Order in which she, inter alia, denied without prejudice the Defendants' motion for a protective order and request to exercise supplemental jurisdiction over the Article 78 proceeding. (*Jeanty*, Dkt. No. 279, at 2-3). With respect to the request to exercise supplemental jurisdiction, Judge Dancks noted that there was no motion for removal pending; that the discovery rulings made in the *Jeanty* case concerned the relevance of the documents in *Jeanty*; and "[t]herefore, even if [Jeanty] obtains the subject information pursuant to his FOIL request and Article 78 proceeding, the documents will likely not be admissible in any proceedings, including motions and trial, in this action." (*Id.* at 3).

Jeanty asserted, in his Article 78 petition, that he appealed the formal and constructive denials of the FOIL requests, but Respondents did not respond to his appeal. (Dkt. 1-10, ¶¶ 19, 23-24). Jeanty asserted that the Respondents "have not produced the records sought . . . and have failed to properly invoke any exemptions under FOIL." (*Id.* ¶ 8). Jeanty sought an order, inter alia, "directing respondents to comply with their duty under FOIL." (*Id.* at 6).

4

> **B.      Second Petition (Oneida County Index No. EFCA2020-000988 and District Court Case No. 20-756)**

On May 20, 2021, Jeanty filed a second verified petition, naming as respondents the Utica Police Department; the City Clerk Records Access Officer Melissa Sciortino; and the Records Access Appeals Officer William Borrill. (Case No. 20-756, Dkt. No. 2). Jeanty alleged that he filed a FOIL request with Melissa Sciortino requesting various UPD records; that he did not receive "a single document" in response to his FOIL request; that he appealed the constructive denial of his FOIL request; and that, instead of complying with FOIL, the records access appeal officer informed Jeanty that "[t]he City of Utica will not be complicit in your scheme to subvert lawful Orders of a United States District Court" [and] would "not respond to [Jeanty's] purported FOIL request absent judicial intervention." (*Id.* at 4-5). Jeanty sought, inter alia, judgment directing the Respondents to comply with their duty under FOIL. (*Id.* at 8).

> **C.      Notices of Removal**

Respondents removed both proceedings to this Court. (Case No. 20-cv-221, Dkt. No. 1; Case No. 20-cv-756, Dkt. No. 1). In both notices of removal Respondents assert that Jeanty seeks to obtain records in FOIL that this Court found were not subject to discovery in the *Jeanty* case. (*Id.*). Respondents assert that these proceedings are removable under 28 U.S.C. §§ 1367, 1441 and 1446 because "this Court has supplemental subject matter jurisdiction . . . because it arises out of the same 'controversy'" as the *Jeanty* case. (Case No. 20-cv-221, Dkt. No. 1, at 6; Case No. 20-cv-756, Dkt. No. 1, at 5).

### III.    JEANTY'S MOTIONS FOR REMAND

Jeanty has filed letter motions seeking to remand both actions to state court. (Case No. 20-221, Dkt. No. 14; Case No. 20-756, Dkt. No. 6). Jeanty argues that the Respondents failed to demonstrate a jurisdictional basis for removal because removal under 28 U.S.C.§ 1441 is only

available for actions in which the district court has "original jurisdiction," and removal may not be based on the supplemental jurisdiction statute, 28 U.S.C. § 1367. (*Id.*). Jeanty also asserts that the notices of removal failed to contain "a short and plain statement of the grounds for removal," as required by 28 U.S.C. § 1446(a). Jeanty states that he "reserve[s] the right to file a motion pursuant to FRCP 11(c)" for sanctions. (*Id.*). Respondents argue that Jeanty's motion to remand in Case No. 20-756 must be denied as untimely, and that removal in both cases was proper because this Court has supplemental jurisdiction over the Article 78 proceedings. (Case No. 20-756, Dkt. No. 9, at 2; Case No. 20-221, Dkt. No. 17, at 2).

## IV.   DISCUSSION

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Medical Center v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). "As a general matter removal jurisdiction must be 'strictly construed.'" *Skornick v. Principal Fin. Grp.*, 383 F. Supp. 3d 176, 179 (S.D.N.Y. 2019) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states," courts must "resolv[e] any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

The removal statute, § 1441(a) provides in relevant part, that:

> any civil action brought in a State court, of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1441(a)." 28 U.S.C. § 1447(c).

6

### A. Timeliness of the Motion to Remand in Case No. 20-756

Respondents argue that the motion to remand in Case No. 20-756 should be denied because the motion was not made within the thirty-day time period specified in § 1447(c). (Dkt. No. 9, at 2). Jeanty moved to remand on August 17, 2020, more than thirty days from the Respondents' July 7, 2020 notice of removal. (Dkt. Nos. 1, 6). The thirty-day time period, however, applies to motions made "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). Section 1447(c) specifically states "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." To the extent Jeanty's motion in Case No. 20-756 seeks remand on the basis of defects other than subject matter jurisdiction, it is untimely and the Court does not consider those arguments. However, subject matter jurisdiction may be raised "at any time," and, as set forth below, the Court has considered whether it has subject matter jurisdiction and determined that it does not.

### B. Basis for Removal

Section 1441(a) provides for the removal of actions over which the court has "original jurisdiction." Respondents have asserted supplemental jurisdiction as grounds for removal, arguing that this Court has supplemental jurisdiction over the Article 78 proceedings because the *Jeanty* case, over which the Court has original jurisdiction, and the Article 78 proceedings "arise from a 'common nucleus of operative fact.'" (Case No. 20-221, Dkt. No. 17, at 3; Case No. 20-756, Dkt. No. 9, at 3) (quoting *Acthman v. Kirby McInernery & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006)).

Respondents, however, did not respond to Jeanty's argument that supplemental jurisdiction is not "original jurisdiction" under the removal statute. Jeanty's argument is well supported. *See*, *e.g.*, *Nationwide Gen. Ins. Co. v. Cela*, No. 16-cv-2054, 2017 WL 53690, at *4,

2017 U.S. Dist. LEXIS 539, at *8 (D. Conn. Jan. 4, 2017) (ruling that "supplemental jurisdiction does not constitute 'original jurisdiction' under the federal removal statute"); *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, No. 16-cv-58, 2016 WL 3561796, at *1, 2016 U.S. Dist. LEXIS 91365, at *2 (S.D.N.Y. Jan. 8, 2016) ("[S]upplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under 28 U.S.C. § 1441(a)—even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.") (citations omitted); *Sovereign Bank, N.A. v. Lee,* 968 F. Supp. 2d 515, 518 (E.D.N.Y. 2013) ("While the supplemental jurisdiction statute allows a district court to exercise jurisdiction over claims that are 'so related' that they 'form part of the same case or controversy,' 28 U.S.C. § 1367, that statute cannot form the basis for removal."). Respondents have failed to meet their burden of showing that federal jurisdiction is proper.

    **C.**    **Subject Matter Jurisdiction**

In any event, even if removal were proper, the Court finds that the Respondents have failed to meet their burden of establishing that this Court has subject matter jurisdiction in either of the pending cases. The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court. *DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 275 (2d Cir. 2006). Respondents have failed to meet that burden.

    **1.**    **Federal Jurisdiction to Consider FOIL Claims**

It appears that federal district courts do not have jurisdiction to consider FOIL claims. *See Cammarata v. City Univ. of New York*, No. 17-cv-6456, 2019 WL 3859401, at *9-10, 2019 U.S. Dist. LEXIS 138968, at 23-24 (E.D.N.Y. Aug. 15, 2019) (dismissing FOIL claim for lack of jurisdiction); *Posr v. City of New York*, No. 10-cv-2551, 2013 WL 2419142, at *13-14, 2013 U.S. Dist. LEXIS 78561, at *42 (S.D.N.Y. June 4, 2013) (granting motion to dismiss because

"[t]his Court is without jurisdiction to consider Plaintiff's FOIL-related claims"), *aff'd sub nom. Posr v. Ueberbacher*, 569 F. App'x 32 (2d Cir. 2014); *Schuloff v. Fields*, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997) (ruling that "[t]his court does not have jurisdiction to decide whether defendant violated a state law granting the public access to official records," and "[t]he appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information Law is a state court proceeding pursuant to N.Y.C.P.LR. Article 78 upon exhaustion of administrative remedies"). Respondents have not cited any caselaw suggesting that the Court has subject matter jurisdiction over a state FOIL proceeding.

### 2. Supplemental Jurisdiction

Even if the Court did have jurisdiction to consider Jeanty's FOIL claims, the Court would decline to exercise supplemental jurisdiction. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a) provides in relevant part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Claims "form part of the same case or controversy" under § 1367(a) if they "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (citation omitted).

Here, the federal claims raised issues of fair trial, malicious prosecution, and municipal liability stemming from a 2009 arrest and post-conviction proceedings; the state law FOIL claims, on the other hand, arose well *after* the federal claims and involve different interests and underlying facts. The *Jeanty* case would present no occasion to consider Respondents' obligations under FOIL or whether Jeanty exhausted his administrative remedies under FOIL. *See Young v. New York City Transit Auth.*, 903 F.2d 146, 164 (2d Cir. 1990) (finding no

9

"common nucleus of operative fact" where the federal claim raised "legal issues completely unrelated to those presented by the state" claim); *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 394 (E.D.N.Y. 2007) (noting that "courts have held that there is no common nucleus of operative fact where the events underlying the federal claims occur at a different time than the events underlying the state law claims" (citing Wigand v. Flo-Tek, Inc., 609 F.2d 1028, 1033 (2d Cir. 1980) (no common nucleus of fact where the events relevant to the federal claim occurred prior to the contract date but the events relevant to the state law claim occurred after)). Thus, the Court concludes that the sole connection between these cases—that Jeanty's FOIL requests seek the same documents Jeanty sought in discovery in the *Jeanty* case— is insufficient to create a "common nucleus of operative fact." Accordingly, to the extent that the Court could exercise supplemental jurisdiction, the Court declines to exercise it.

V. **CONCLUSION**

Jeanty's motion to remand in Case No. 20-221 must be granted because Respondents have failed to provide any authority for the removal of Jeanty's Article 78 proceeding based upon supplemental jurisdiction. Even if removal were proper, and even if this Court had jurisdiction to consider Jeanty's FOIL claims, the Court would decline to exercise supplemental jurisdiction. Jeanty's motion to remand in Case No. 20-756 must be granted because even if the Court had jurisdiction to consider Jeanty's FOIL claims, the Court would decline to exercise supplemental jurisdiction.

With respect to sanctions, Plaintiff has not filed a motion for sanctions. While the Court declines to keep this case open to permit such a motion, the Court does so with the expectation that it will not see another poorly-supported notice of removal from the Respondents.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motions to remand to the New York State Supreme Court, Oneida County (Dkt. No. 14 in Case No. 20-221 and Dkt. No. 10 in Case No. 20-756) are **GRANTED**; and it is further

**ORDERED** that Case No. 20-756 is remanded to the New York State Supreme Court, Oneida County under Index No. EFCA2020-000988; and it is further

**ORDERED** that Case No. 20-221 is remanded to the New York State Supreme Court, Oneida County under Index No. CA2020-000174; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this order of remand to the Clerk of the New York Supreme Court, Oneida County; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 19, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge